UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOP LINE RESTAURANTS, INC., TL RESTAURANTS, INC., GB RESTAURANTS, INC., and MAKE IT RIGHT RESTAURANTS, L.L.C., § § § § § | | |
| Plaintiffs, § § | | |
| v. § § | CIVIL ACTION NO.: 3:15-CV-2605-B | |
| AKSAN UNITED FORTUNE, INC., § § § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Aksan United Fortune, Inc.'s Motion for Leave to File an Amended Answer (Doc. 22) and Motion for Leave to File a Counter-Claim (Doc. 23), both filed on November 23, 2015. For the reasons that follow, the Court **GRANTS** both Motions.

### I.

### BACKGROUND

This case was originally filed on August 7, 2015. Doc. 1, Compl. In their Complaint, Top Line Restaurants, Inc., TL Restaurants, Inc., GB Restaurants, Inc., and Make It Right Restaurants, L.L.C. (the Plaintiffs) allege that Defendant breached several provisions of the parties' Asset Purchase Agreement ("APA"), a contract for the sale of several restaurants. Doc. 1, Compl. Defendant timely filed its Answer on August 31, 2015. Doc. 10, Answer. The Court entered a Scheduling Order on September 30, 2015, which set the deadline to amend pleadings for November 13, 2015. Doc. 14, Scheduling Order. Defendant attempted to file these motions by the deadline, but its original

motions were deficient because they lacked a certificate of conference. Doc. 16, Def.'s Mot.; Doc. 18, Def.'s Mot.; Doc. 19, Notice of Deficiency; Doc. 20, Notice of Deficiency. Ten days later, and thus after the deadline, Defendant re-filed its Motions, adding one defense based on the APA's ambiguity and one counter-claim for breach of contract. Doc. 22-1, Def.'s Am. Answer ¶ 27; Doc. 23-1, Def.'s Counter-Claim ¶¶ 4–8. Plaintiffs opposed the amendments on the ground that the deadline for amending pleadings had already passed. Doc. 24, Pls.' Obj. 2–4; Doc. 25 Pls.' Obj. 2–4. The time for filing replies has lapsed, so the Motions are now ready for review.

## II.

## LEGAL STANDARD

Rule 15(a) requires a court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although Rule 15(a) . . . ordinarily governs the amendment of pleadings, Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation marks omitted).[1] Rule 16 provides that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "When the motion is for leave to amend the pleadings, the movant must satisfy the [good cause] requirements of Rule 16(b)(4) before the court can consider whether to grant leave to amend under the more liberal standard of Rule 15(a)(2) . . . ." *Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, No. 3:10-CV-2506, 2013 WL 5786281, at *2 (N.D. Tex. Oct. 28, 2013) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533,

---

[1] Plaintiffs' reliance on Rule 6 in their objections is misplaced. *See Martikean v. United States*, No. 3:11-CV-1774, 2014 WL 4631620, at *3 (N.D. Tex. Sept. 16, 2015) ("[R]ule 16(b)(4), and not Rule 6(b), governs a party's request to modify a scheduling order.").

536 (5th Cir. 2003)).

Four factors determine whether good cause exists for the post-deadline amendment: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)). "The court considers the four factors holistically and does not mechanically count the number of factors that favor each side." *Conceal City, L.L.C.*, 2013 WL 5786281 at *3 (citing *EEOC v. Serv. Temps, Inc.*, No. 3:08-CV-1552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012)) (internal quotation marks omitted).

### III.

### ANALYSIS

Neither party explicitly addresses the four factors mentioned above. Applying these to the arguments made by both parties, the Court finds they weigh in favor of granting the Motions.

Although Defendant did not offer an explanation for its untimely filing, Defendant filed its Motions a mere ten days after the deadline in the Scheduling Order and two months before the close of discovery. *See* Doc. 14, Scheduling Order 1; Doc. 22, Def.'s Mot 1; Doc. 23, Def.'s Mot 1. The Motions were also filed three months before the dispositive motion deadline and before any dispositive motions had been filed.[2] *See Squyres*, 782 F.3d at 239 (affirming district court's denial of leave to amend complaint where amendment would have required reopening discovering and

---

[2] Plaintiffs have now filed a motion for summary judgment. Doc. 26, Pls.' Mot. for Summ. J. The instant Motions, however, were filed nearly three months prior.

permitting "another round of dispositive motions"). Additionally, the proposed amendments are important to the case because they could affect damages. *See Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (finding proposed amendments important when they could protect a party from damages). Despite the lack of explanation from the Defendant, the inconsequential delay in filing the Motions and the importance of the amendments support granting the Motions.

Moreover, Defendant only seeks to add one counter-claim and one affirmative defense. *Compare* Doc. 10, Def.'s Answer, *with* Doc. 22-1, Def.'s Am. Answer, *and* Doc. 23-1, Def.'s Counter-Claim. As the amendments center around the APA, it does not appear that the proposed amended pleadings raise any distinct factual issues that would require significant additional discovery by either party. *See Serv. Temps Inc.*, at *3. The proposed counter-claim will not prejudice Plaintiffs because Defendant merely alleges that Plaintiffs, rather than Defendant, breached the APA. Doc. 23-1, Def.'s Counter-Claim ¶¶ 4–8; *see Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg. Co. W.L.L.*, No. H-07-2684, 2008 WL 5114962, at *14 (S.D. Tex. Dec. 3, 2008) (finding no prejudice when the counter-claim is the "reverse mirror image" of the plaintiff's own claims). Finally, the proposed amendments are within the scope of the original suit, so this Court could issue a continuance to address any prejudice Plaintiffs may suffer from granting the Motions. *See Rowell v. Metropolitan Life Ins. Co.*, No. H-10-0164, 2010 WL 2787695, at * 2 (S.D. Tex. July 14, 2010) (determining that a continuance would not offset the prejudice suffered by the plaintiff when the proposed counterclaim would alter the character of the entire suit).

## IV.

## CONCLUSION

For the reasons set forth in this order, the Court **GRANTS** Defendant's Motion for Leave

to File an Amended Answer (Doc. 22) and Motion for Leave to File a Counter-Claim (Doc. 23). If this ruling affects the Plaintiffs' Motion for Summary Judgment, the Plaintiffs can re-file by March 8, 2016.

**SO ORDERED.**

**SIGNED: February 24, 2016**.

                                        _____
                                        JANE J. BOYLE
                                        UNITED STATES DISTRICT JUDGE